IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRELL HINES,  Petitioner, | : |
| | : |
| v. | :    CIVIL ACTION NO. 17-5571 |
| | : |
| JOHN WETZEL, et al.,  Respondent. | : |

## ORDER

**AND NOW,** this 3rd day of January 2019, upon careful and independent consideration of the *pro se* Petition for Writ of Habeas Corpus [Doc. 1], all related filings, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge Henry S. Perkin [Doc. 13], and Petitioner's Objections to the R&R [Doc. 16], it is hereby **ORDERED** that:

1. The R&R [Doc. 13] is **APPROVED** and **ADOPTED**[1];

2. The Objections, which are labeled as Petitioner's "Motion of Objection/Reconsideration" [Doc. 16], are **OVERRULED**[2];

---

[1] Where, as here, the petition has been referred to a magistrate judge for an R&R, a district court conducts a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

[2] Petitioner objects to the conclusion of the R&R that his petition is time-barred, arguing that holidays and weekends should not be counted toward the statutory one-year period in 28 U.S.C. § 2244(d)(1). The Federal Rules of Civil Procedure explicitly state that in any statute that does not specify a method of computing time, courts must "count every day, including intermediate Saturdays, Sundays, and legal holidays." Fed. R. Civ. P. 6(a)(1)(B); *see also Wilson v. Beard*, 426 F.3d 653, 662–63 (3d Cir. 2005) (holding that former Federal Rule of Civil Procedure 6(a) applies to federal habeas petitions and their one-year limitation period). The R&R therefore accurately calculated that Petitioner filed his federal habeas petition over six months after the period of limitation expired.

Petitioner also appears to contend that equitable tolling should apply because, according to Petitioner, his eventual success in removing his attorney from his PCRA claims should have granted him the right to start the PCRA process over again on his own. However, Petitioner has not shown that he was prevented from asserting his rights through any causal connection between an extraordinary circumstance and the lateness of his filing. *See Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013) (citations omitted) (holding that "to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely

3. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITH PREJUDICE** and without an evidentiary hearing;

4. There is no probable cause to issue a certificate of appealability[3]; and

5. The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED.**

BY THE COURT:

/s/ Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**

---

federal petition"). Nor has Petitioner shown reasonable diligence, thus foreclosing equitable tolling. *Satterfield v. Johnson*, 434 F.3d 185, 196 (3d Cir. 2006).

[3] "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).